KING, Judge.
The sole issue presented by this appeal is whether the trial court was correct in determining that a life insurance policy was an asset of the community which formerly existed between plaintiff and defendant.
D.Y. Doland (hereinafter plaintiff) and Sherre C. Doland (hereinafter defendant) were divorced by judgment dated February 17, 1988. Thereafter, defendant filed a petition to partition the assets of the community. Trial was fixed for July 6, 1988 and, on that date, the parties agreed, by way of stipulation, to a partition of all of their property except for one disputed item, a life insurance policy issued by Prudential Insurance Company of America (hereinafter the policy). After trial on the merits concerning the status of the policy, the trial court orally rendered judgment, without any reasons, finding that the policy was community property owned one-half by plaintiff and one-half by defendant. A formal written judgment was signed on October 20, 1988. Plaintiff timely filed this suspensive appeal. We reverse and render judgment.
FACTS
Plaintiff and defendant were married on October 10, 1954. Defendant filed for a legal separation on November 19, 1986 and judgment granting the legal separation was signed on December 11, 1986. On September 4, 1987, the parties entered into a partial partition of their community property wherein they divided the cash accounts and liquid assets of the former community. Plaintiff subsequently filed a Pe *996 tition for Divorce and a divorce was granted^on February 17, 1988. On March 10, 1988, defendant filed a petition to partition the remaining assets of the community.[1] The matter was fixed for trial on July 6, 1988. At the trial of this matter, by way of stipulation, the parties agreed to partition all the remaining community assets except for the policy. Therefore, the trial involved the single issue of the status of the policy. Plaintiff contends that the policy is his separate property and that he is entitled to all of its cash value. Defendant claims that the policy is community property and that she is entitled to one-half of its cash value.
The policy was purchased in 1970 by plaintiffs father, D.Y. Doland, Sr., and named plaintiff as the insured. The policy had a face death benefit amount of $100,-000.00. The monthly premium was $192.00 which was paid exclusively by plaintiffs parents during the entire time he and defendant were married. Plaintiffs father or his estate was shown as the owner of the policy. As stated in the policy, the owner was entitled to any value obtainable under the policy, including the cash value during the existence of the policy and during the lifetime of the insured. The named beneficiary under the policy was defendant. Alternate named beneficiaries were the children of plaintiff and defendant and then, plaintiffs father. According to the policy, a beneficiary was to receive any death benefits payable under the policy, if, at the time of the death of the insured, the beneficiary was living and the beneficiary had not been changed by the owner prior to the insured’s death. Plaintiffs father had the right under the policy, as owner, to change the designation of beneficiaries at any time.
At the time plaintiffs father bought the policy, plaintiff and defendant were married and plaintiff was working on his parents’ farm helping raise cattle. While working for his parents, plaintiff earned a small salary, ranging from $250.00 to $450.00 a month, and was allowed the personal use of a pickup truck and other farm equipment.
Plaintiff testified at trial that his father bought the policy after plaintiff had been involved in a bad automobile accident. Plaintiff stated that he was not involved in the decision of whether or not to buy the policy. Plaintiff stated that “he [his father] just told me he was going to buy an insurance policy ... a hundred thousand dollar insurance policy for me and Bobby [plaintiff’s brother].” This policy was never in plaintiff’s physical possession at any time during his parents’ lifetime. Plaintiff contends that his father bought the policy for his benefit. When plaintiff was asked whether his father bought the policy for him to use as a retirement vehicle, plaintiff responded, “after I got to be age 65, if I live to be that old, but the time my father took this policy on me he didn’t think I was ever going to get there.”
Defendant, who also testified at trial, stated that plaintiff’s father bought the policy because he could not afford to pay plaintiff a larger salary. Defendant contends that the policy was for them to have at retirement or for defendant to live on if anything ever happened to plaintiff.
Defendant called plaintiff’s brother, Patrick Doland, as a witness at the trial. He stated that his parents gave all of his brothers and sisters gifts over the years and that the reason his father bought the insurance policy for his brother was “in case [plaintiff] got disabled or in his old age, for the family, for the two of them and their family and their kids.”
When plaintiff’s father died, his estate became the owner of the policy and ownership of the policy passed to plaintiff’s mother and plaintiff’s family members. After his mother’s death, plaintiff acquired ownership of the policy through his mother’s succession. Plaintiff’s ownership was accomplished through a “Bill of Sale” which was done solely to effect a partition of his mother’s estate with the other heirs and which was approved by judgment dated January 11,1988, some two years following the termination of plaintiff’s and defen *997 dant’s community. Since his mother’s death, plaintiff has paid the premiums on the policy and, as owner of the policy, has changed the beneficiaries to his children.
Following the testimony and evidence, the trial court took the matter under advisement. On October 20, 1988, the trial court rendered judgment without reasons, finding that the policy and its cash value was community property to which defendant was entitled to a one-half interest. Plaintiff has appealed this judgment.
LAW
La.C.C. Art. 2338 defines community property as:
“... property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; property acquired with community things or with community and separate things, unless classified as separate property under Article 2341; property donated to the spouses jointly; natural and civil fruits of community property; damages awarded for loss or injury to a thing belonging to the community; and all other property not classified by law as separate property.”
Property acquired during the existence of a regime of community is presumed to be community property but either spouse may prove that the property is the separate property of one of the spouses. La.C.C. Art. 2340. The separate property of a spouse is his or hers exclusively. It comprises, among other things, property acquired by inheritance or donation to him or her individually. La.C.C. Art. 2341. A legal regime of community property is terminated by a judgment of separation and is retroactive to the date on which the original petition for separation was filed. La.C.C. Arts. 2356, 155.
In the present case, plaintiffs father bought the life insurance policy in 1970, during the marriage and the existence of the community of plaintiff and defendant. However, at that time and during the entire marriage, plaintiff was only shown as the named insured under the policy, not as the owner of the policy. Plaintiffs father or his estate was the owner of the policy with all rights to “any benefit payable and any value obtainable under the policy” during the lifetime of the insured “without the consent and to the exclusion of any beneficiary.” As owner of the policy, plaintiffs father or his estate was solely entitled to receive the cash value of the policy. As insured under the terms of the policy, plaintiff acquired no control over and no ownership rights to the policy or its proceeds. Also, we note that the record reflects that at no time did plaintiff’s father donate ownership of the policy to plaintiff or transfer that ownership interest to plaintiff by assignment. Plaintiff’s only connection with the policy was that he was the named insured.
The presumption of community property arises when property is “acquired” during the existence of the community. Plaintiff did not “acquire” this property during his marriage. He was not the owner of the policy. He had no right to the cash value of the policy. No community funds were used to pay any premiums on the policy. This policy was plaintiff’s father’s property throughout plaintiff’s and defendant’s marriage. Therefore, we find that the policy is not community property which was acquired during the marriage of plaintiff and defendant and that the trial court was clearly wrong and manifestly in error in finding that the policy was community property acquired during plaintiff’s and defendant’s marriage.
Defendant further argues that plaintiff’s father bought the insurance policy for them to use as a retirement vehicle and, as such, the trial court correctly held that the policy was community property. She contends that plaintiff’s father paid the monthly premiums on the policy as an employment benefit, to supplement the small salary he paid plaintiff to work on the farm, in lieu of payments of wages to plaintiff which would have been community property, thus making the policy a retirement benefit of the community.
Retirement benefits attributable to a spouse’s employment during the commu *998 nity are community property. Sims v. Sims, 358 So.2d 919 (La.1978); T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1975). Courts consider employer contributions to these plans a form of remuneration to the employee. When contributions are made during the existence of a community property regime, “the property right to share ultimately in the proceeds thereby acquired by the wage earner, is ‘acquire[d] during the marriage ... and is thus a community asset’ ”. T.L. James & Co., Inc. v. Montgomery, supra, at page 851. When the community is terminated, the employee’s spouse is thus entitled to be recognized as owner of one-half of the value of the right to share whether or not the employee’s right to receive benefits is deferred until contractually payable.
Because plaintiff’s father is deceased, the record does not reflect his reason for buying the policy. There is evidence that he bought the policy because his son had recently been in an automobile accident, and evidence that he bought the policy to supplement plaintiff’s salary. However, even if we assume that he intended that plaintiff and defendant use the policy for retirement, we still cannot conclude that the policy and its cash value is community property.
The monthly premiums that plaintiff’s father paid into the insurance policy cannot be construed as a retirement plan. Under any retirement plan, an employee is vested with an interest in the proceeds of the plan. The employee has a right to share in or receive, at some future date, that portion paid into the plan as his deferred compensation. That is not so in this case. As stated earlier, plaintiff, who was listed as the named insured under the policy, had no present or future claim to any interest in the policy. Even if plaintiff had worked for his father until the age of 65, absent any donation or assignment of the policy, plaintiff still would not have been entitled to receive any portion of the value of the policy allegedly paid in as his deferred compensation. Plaintiff never had any vested interest in the proceeds of the policy before he acquired the policy after his parents’ deaths. Therefore, defendant’s claim that she is entitled to one-half of the value of the policy as a retirement benefit is also without merit.
Defendant also contends that the policy was a gift given to the community by plaintiff’s father. Property donated to the spouses jointly is community property. La.C.C. Art. 2338. We find this argument without merit considering that plaintiff’s father listed himself or his estate as owner of the policy. Clearly, his intent was not to give the policy to anyone.
Finally, defendant argues that if this court finds that the policy was plaintiff’s separate property, she is entitled to her interest in the fruits of the separate property which accrued during the community. The fruits, defendant contends, are contributions made to the policy which increased its cash value. This argument is also without merit. Plaintiff owned no property interest in the policy (neither separate nor community) during the existence of their community. Plaintiff became the owner of the policy and acquired all rights to the cash value of the policy after the community was terminated. The community of plaintiff and defendant retroactively terminated on November 19, 1986, the date on which the petition for separation was filed. Plaintiff only acquired an ownership interest in the policy by judgment, dated January 11, 1988, in his mother’s succession. The transaction transferring ownership interest in the policy from the other heirs of his mother’s estate to plaintiff was done by a “Bill of Sale” and was done in order to perfect a partition of the estate. According to C.C. Art. 2341, property acquired through inheritance is classified as separate. Notwithstanding this Civil Code provision, the policy is nevertheless plaintiff’s separate property because ownership of the policy was transferred to plaintiff after the termination of the community and involved no community funds.
Since we find that the insurance policy is plaintiff’s separate property, which he acquired after the termination of his community, defendant is not entitled to any ownership interest in the policy. Judgment is *999 rendered in favor of plaintiff and against defendant recognizing plaintiff as the exclusive owner of the policy and its entire cash value.
For these reasons, the judgment of the trial court is reversed, vacated, and set aside. All costs of the trial and appellate courts are to be paid by defendant-appellee.
REVERSED AND RENDERED.

. This petition was filed in the divorce suit as a matter ancillary to the divorce proceeding.